

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-22-2005

# Zheng v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4317

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Zheng v. Atty Gen USA" (2005). *2005 Decisions.* Paper 58.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/58

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 04-4317

JIN CHAI ZHENG,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

On Petition for Review of a Final Order of the
Board of Immigration Appeals
No. A79 323 265

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 15, 2005

Before: SLOVITER, SMITH and VAN ANTWERPEN, *Circuit Judges*

(Filed: December 22, 2005)

OPINION

SMITH, *Circuit Judge*.

Zheng Jin Chai petitions for review of an Order of the Board of Immigration

Appeals ("BIA") affirming without opinion the decision of the Immigration Judge ("IJ")

denying her application for asylum and withholding of removal.[1]   Because the BIA

---

[1]The IJ also denied Zheng's request for relief under the Convention Against Torture. Zheng does not challenge that aspect of the IJ's order here.

affirmed the IJ's decision without an opinion, we must scrutinize the IJ's decision.[2] *Dia v. Ashcroft*, 353 F.3d 228, 245 (3d Cir. 2003) (en banc). The IJ's findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). This standard requires that the agency support its findings with substantial evidence. *Dia*, 353 F.3d at 247-48. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . ." *N.L.R.B. v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939) (quoted in *Dia*, 353 F.3d at 248).

Zheng alleges that she was persecuted on account of her political opinion because she was forced to abort two pregnancies while she was living in China. *See* 8 U.S.C. § 1101(42) (providing that "a person who has been forced to abort a pregnancy . . . shall be deemed to have been persecuted on account of political opinion"). Zheng testified that she was married at the age of 21 in a traditional ceremony to Shu Zhang, that she discovered that she was pregnant in March 1999 and April 2000, and that she endured, at the hands of local government officials, forcible abortions on April 1, 1999 and April 15, 2000 at the Hoyu Hospital. Zheng affirmed that she and her husband were saddened by the loss of their children. As further support for her claim, Zheng offered into evidence two certificates indicating that she had abortions on April 1, 1999 and April 15, 2000 at

---

[2]The IJ had jurisdiction under 8 C.F.R. § 1208.2(b). The BIA exercised appellate jurisdiction pursuant to 8 C.F.R. § 1003.1(b). We have jurisdiction over Zheng's petition for review under 8 U.S.C. § 1252.

2

the Fujian Province Changle City Hospital.

Zheng testified that after the second forced abortion in April 2000, she and her family decided that she should leave China and come to the United States. Although her husband did not want her to go, Zheng left and entered the United States on June 26, 2000. Since her arrival, Zheng gave birth to a daughter in May 2001 and a son on July 31, 2002. Between the births of her children, she married the father of her children. She affirmed that she did not want to return to China because the birth control officials "will sterilize me."

The IJ found Zheng's testimony not credible and rejected her claim of past persecution. He explained that Zheng's story was completely uncorroborated inasmuch as she failed to produce any pictures of Shu Zhang, any correspondence with Shu Zhang or any evidence from others confirming that she had actually been married to Shu Zhang. As a result, the IJ was dubious as to whether Zheng had actually become pregnant during her marriage in China and whether she was forced to abort two pregnancies. Zheng's claim that she became pregnant twice while she was married to Shu Zhang in China was further undermined, the IJ explained, by the fact that she became pregnant only a few months after leaving her husband behind in China and arriving in the United States.

The IJ recognized that Zheng had admitted into the record two certificates indicating that she had abortions in April 1999 and 2000. These certificates, the IJ explained, failed to support Zheng's contention that she was forced to abort two pregnancies inasmuch as the Department of State's Country Conditions Report indicated

3

that certificates of this nature were only distributed to a patient after a voluntary abortion so the patient could obtain sick leave.

Noticeably absent from the record, the IJ noted, were copies of Zheng's gynecological records from Temple University Hospital in Philadelphia where she delivered her two children in May 2001 and July 2002. The IJ explained that these records would have reflected the number of times Zheng was pregnant and the number of times she gave birth to a child. Although Zheng had been asked by her counsel to produce these records, she failed to do so. As further support for his adverse credibility finding, the IJ pointed out several other inconsistencies with Zheng's testimony.

Zheng's attempt to establish that she had a well-founded fear of persecution if she was returned to China was also rejected by the IJ. He explained that the Country Conditions Report did not support her claim that she would be forced to undergo sterilization if she were returned to China together with her two children.

The BIA affirmed the IJ's decision without opinion. Zheng filed a timely petition for review, contending that the IJ's adverse credibility finding is not supported by substantial evidence. We disagree. The IJ provided specific, cogent reasons for finding Zheng not credible. *See Dia*, 353 F.3d at 249. Specifically, the IJ explained that without some evidence to support Zheng's assertion that she was married to Shu Zhang, there was no basis to find that she was pregnant in China and forced to abort two pregnancies. Although there was documentary evidence that Zheng had two abortions, that evidence, as the IJ explained, was not consistent with an involuntary procedure. Nor do we find the

4

IJ erred by considering the lack of corroborating evidence. The IJ identified the evidence for which he reasonably expected corroborating evidence, yet Zheng failed to provide an adequate explanation for its absence. *See Abdulai v. Ashcroft*, 239 F.3d 542, 554 (3d Cir. 2001) (observing that BIA's rule requiring corroboration contemplates identifying facts for which corroboration is reasonably expected, inquiring whether alien has provided corroborating information, and considering whether alien has adequately explained failure to provide corroboration).

The IJ also concluded that Zheng did not establish a well-founded fear of persecution warranting a grant of asylum. The IJ explained that the Country Conditions Report failed to support her claim that she would be sterilized if she was returned to China. Zheng does not dispute the IJ's determination that the Country Conditions Report fails to support her claim, she simply argues that there is other documentary evidence from which it could be found that she had a well-founded fear of persecution.[3] Zheng fails to recognize, however, that the issue is not whether there is evidence which supports her claim that she has a well-founded fear of persecution, but whether the evidence in this record compels that conclusion. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

---

[3] Zheng refers to not only documents in the record, but an affidavit of John Aird submitted in the appeal of *Guo v. Ashcroft*, 386 F.3d 556, 565 (3d Cir. 2004). Our review is limited, however, to the administrative record developed in this case. *See Dia*, 353 F.3d at 249; *see also Berishaj v. Ashcroft*, 378 F.3d 314, 317 (3d Cir. 2004) (observing in asylum appeal that the constraints of *SEC v. Chenery Corp.*, 318 U.S. 80 (1943), limit review to the administrative record and preclude supplementation with a current country conditions report). Because Aird's affidavit is not part of this record, we have not considered its contents.

After scrutinizing the evidence in this record, we are not compelled to conclude to the contrary.

Because the standard for granting withholding from removal is more stringent than the standard for showing a well-founded fear of persecution, we need not address Zheng's argument that her claim for withholding should have been granted. *Balasubramanrim v. INS*, 143 F.3d 157, 161 n.8 (3d Cir. 1998) (citing *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430-31 (1987)); *Chang v. INS*, 119 F.3d 1055, 1065-66 (3d Cir. 1997).

For the reasons set forth above, we conclude that there is substantial evidence to support the IJ's decision. We will deny Zheng's petition for review.